**SIGNED THIS: November 21, 2006**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CHARLES C. HANSON and TERRY ) | No. 05-80672 |
| B. HANSON, ) | |
| ) | |
| Debtors. ) | |
| ) | |
| ) | |
| CHARLES C. HANSON and TERRY ) | |
| B. HANSON, ) | |
| Plaintiffs. ) | |
| vs. ) | Adv. No. 06-8145 |
| ) | |
| LTD COMMODITIES, LLC, and ) | |
| MCCARTHY, BURGESS & WOLFF, ) | |
| Defendants. ) | |

**O P I N I O N**

The Debtors, Charles C. Hanson and Terry B. Hanson ("DEBTORS"), filed an Adversary Complaint against LTD Commodities, LLC ("LTD") and the Cleveland, Ohio law firm of McCarthy, Burgess & Wolff ("MB&W") (jointly referred to as "DEFENDANTS"). The DEFENDANTS failed to answer and were determined to be in

default by Order entered August 25, 2006. Where a defendant fails to answer or otherwise appear, unless the damages sought in the complaint are liquidated, a hearing is ordinarily required for the plaintiff to prove damages. *FMC Corp. v. Varonos,* 892 F.2d 1308, 1310 (7th Cir. 1990); *United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir. 1989). With notice to the DEFENDANTS, a hearing was scheduled for and held on September 25, 2006, for the DEBTORS to prove damages. The DEFENDANTS failed to appear at the prove-up hearing and, after hearing testimony from the DEBTORS, the Court took the matter under advisement.

The following findings of fact are taken from the Adversary Complaint, the bankruptcy case file and the testimony of the DEBTORS at the prove-up hearing.

1. The DEBTORS filed their Chapter 7 petition on February 17, 2005.

2. LTD was listed on Schedule F as an unsecured creditor of Terry B. Hanson holding a claim in the amount of $658.99.

3. The Bankruptcy Noticing Center (BNC) mailed a copy of the notice of the case filing to LTD on February 19, 2005.

4. The Discharge Order was entered on June 3, 2005, and a copy was mailed to LTD by the BNC on June 5, 2005.

5. The Complaint alleges that LTD and its attorneys, MB&W, contacted the DEBTORS by phone and by mail in a continuing effort to collect the discharged debt. All of the contacts are alleged to have occurred after entry of the discharge.

6. The DEBTORS' testimony corroborated the allegations of the Complaint that all contacts were made post-discharge.

The Complaint alleges a single cause of action for damages under Section 362(h), for wilful violation of the automatic stay.[1] The automatic stay terminated, however, by

---

[1] Since the bankruptcy case was filed before BAPCPA'S effective date of October 17, 2005, the changes wrought by BAPCPA do not apply to this proceeding. The cause of action for wilful violation of the automatic stay is now codified at subsection (k) of Section 362.

2

operation of law upon entry of the discharge on June 3, 2005. 11 U.S.C. § 362(c)(2). At that point, the stay was supplanted by the discharge injunction accorded by Section 524(a). *See In re Howes,* 246 B.R. 280, 290 (Bankr.W.D.Ky. 2000).

A claim for damages for a creditor's wilful violation of the automatic stay and a claim for a violation of the discharge injunction are two different causes of action. The remedy for a stay violation is statutory. *Aiello v. Providian Financial Corp.,* 239 F.3d 876 (7th Cir. 2001). Section 524 does not create a private right of action, so that the remedy for violation of the discharge injunction is contempt. *Cox v. Zale Delaware, Inc.,* 239 F.3d 910 (7th Cir. 2001); *Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417, 421-23 (6th Cir. 2000); *Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502, 507-10 (9th Cir. 2002). Only collection actions that occur while the automatic stay is in effect can support a claim under Section 362(h). Likewise, only collection activity that occurs post-discharge, after the stay terminates, can support a contempt proceeding for violation of the discharge injunction. Even though the same type of creditor conduct is involved, the two causes of action are separate and mutually exclusive.

The DEBTORS have identified their single-count Complaint as one seeking a remedy for wilful violations of the automatic stay, citing Section 362(h) as the statutory basis for the relief. The factual allegations, however, as well as the evidence produced at the prove-up hearing, do not support such a claim. Instead, the creditor communications all occurred post-discharge, after the automatic stay terminated.

Undeterred by this technicality, the DEBTORS seek the entry of a default judgment, and an award of attorney fees and punitive damages, against the DEFENDANTS. Since the DEFENDANTS have neither answered nor otherwise appeared, there is no party in

interest opposing the DEBTORS' request for judgment. Nonetheless, federal courts have a duty to enforce the Federal Rules of Civil Procedure and to ensure that all proceedings are conducted in accordance with fundamental principles of due process and fair play. *Evans Products Co. v. West American Ins. Co.,* 736 F.2d 920, 923 (3rd Cir. 1984).

The main purpose of a complaint is to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). The doctrine of fair notice is reflected throughout the Federal Rules of Civil Procedure which are incorporated on a wholesale basis into the Federal Rules of Bankruptcy Procedure (F.R.B.P.).

The complaint is required to set forth a plain statement of the claim. F.R.B.P. 7008(a)(2). The legal allegations must be supported by and should mesh with the factual allegations in order to allow the defendant to prepare a fair response. *Davis v. George Mason University,* 395 F.Supp.2d 331, 334 (E.D.Va. 2005). If the plaintiff asserts a new or additional claim for relief against a defendant who is in default, service of such pleading must be effected upon the defendant in the manner required for service of summons. F.R.B.P. 7005(a). This requirement ensures that a defendant is notified of any change in the theory of recovery.

The Rules provide for amendments of the pleadings to conform to the evidence. F.R.B.P. 7015(b). Unless the defendant is in court and has voluntarily litigated an issue not within the complaint, however, the court can consider only the issues raised in the complaint and may not enter a judgment which goes beyond the pleaded claim. *Sylvan Beach v. Koch,* 140 F.2d 852, 861-62 (8th Cir. 1944) (a party is no more entitled to recover

4

upon a claim not pleaded than he is to recover upon a claim pleaded but not proved). This principle is an essential aspect of due process and fair play. *Id.* at 862.

Relief may be based on a theory of recovery only if the theory was present in the pleadings or tried with the consent of the parties. *Evans Products Co. v. West American Ins. Co.* at 923-24. In a default scenario, a failure to properly assert a particular theory is not cured by a catch-all demand for "other or further relief." Due process is not so easily appeased.

The facts pleaded in the Complaint and proved at the evidentiary hearing support a claim for violation of the discharge injunction. The legal theory of recovery expressly asserted in the Complaint, however, is for wilful violation of the automatic stay, a theory wholly lacking in supporting evidence.

A defendant is entitled to fair notice of the nature and extent of the claims asserted against him. The particular theory of recovery is a critical piece of information. In this case, the DEFENDANTS, knowing they had no contact with the DEBTORS pre-discharge, and faced with a single-count Complaint for violation of the stay, may well have decided the cost of defending outweighed the risk of defaulting. Defendants have the right to assume that a court will not grant relief, even by default, for unpleaded causes of action. *Compton v. Alton S.S. Co., Inc.,* 608 F.2d 96, 104 n.16 (4th Cir. 1979).

In this Court's view, awarding monetary damages for a violation of the discharge injunction, on a complaint alleging only a wilful violation of the automatic stay, would violate the fair notice doctrine. The DEBTORS' request for entry of judgment will be denied. This Opinion constitutes this Court's findings of fact and conclusions of law in

accordance with Federal Rule of Bankruptcy Procedure 7052.  A separate Order will be

entered.

### ###